IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

TRACY BORER, §
§
    Plaintiff, §
§
v. §
§ CIVIL ACTION NO. _____
METROPOLITAN LIFE INSURANCE §
COMPANY, ADMINISTRATOR OF §
THE HONEYWELL INTERNATIONAL, §
INC. LONG TERM DISABILITY PLAN, §
§
    Defendant. §

# COMPLAINT

## PRELIMINARY STATEMENT

1.    Plaintiff Tracy Borer, hereinafter referred to as "Plaintiff," brings this ERISA action against Metropolitan Life Insurance Company (MetLife), Administrator of the Honeywell International, Inc. Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term and/or long term, to which Plaintiff is entitled under a disability insurance policy underwritten and administered by MetLife. Plaintiff is covered under the policy by virtue of her employment with Honeywell International, Inc.

## PARTIES

2.    Plaintiff is a citizen and resident of Walker, Louisiana in Livingston Parish.

3.    Defendant is a New York corporation doing business in the State of Louisiana.

4.    The disability plan at issue in the case at bar was funded and administered by Defendant.

1

5. Defendant may be served with process by serving its agent for service of process: Louisiana Secretary Of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under the Employee Retirement Income Security Act ("ERISA"), as allowed by 29 U.S.C. §§ 1132, 1133, & 1140, and as further defined by I.R.C. § 62(e)(18).

7. Venue in the Middle District of Louisiana is proper by virtue of Plaintiff's employment, and Defendant's doing business in the Middle District of Louisiana.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective July 1, 2003.

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Honeywell International Inc. at the time of Plaintiff's onset of disability.

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

2

13. Because of the conflict of interest described above, Defendant's decision to deny disability benefits should be reviewed by this Court under a de novo standard of review.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15. Plaintiff contends that the Plan fails to give the Defendant said discretion or that the granting of said discretion is so vague as to be legally defective.

16. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

17. Plaintiff is a 35 year old woman previously employed by Honeywell International Inc. as a "MPD Tech/Operator."

18. MPD Tech/Operator is classified under the Dictionary of Occupational Titles as Medium with an SVP of 7 and considered to be skilled work.

19. Due to Plaintiff's degenerative and traumatic injuries, Plaintiff ceased actively working on May 27, 2008, as on this date Plaintiff suffered from chondromalacia of the patella of the left knee with a history of lateral subluxation. She was diagnosed in October, 2008.

20. Plaintiff alleges that she became disabled on October 24, 2004.

21. Plaintiff filed for short term disability benefits with Defendant.

22. Short term disability benefits were granted.

23. Plaintiff filed for long term disability benefits through the plan administered by the Defendant.

24. Defendant initially approved Plaintiff's request for long term disability benefits under the Plan based on eligibility as of the completion of her required elimination period as of February 1, 2009.

25. Subsequently, Defendant reviewed Plaintiff's claim and denied further long term disability benefits under the Plan effective July 13, 2011 pursuant to a letter to Plaintiff dated July 12, 2011. Said letter allowed Plaintiff 180 days to appeal this decision.

26. At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation".

27. If granted the plan would pay monthly benefit of $3032.00.

28. On August 9, 2011, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

29. Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

30. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

31. Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits in a letter dated January 3, 2012.

32. Defendant also notified Plaintiff that Plaintiff had exhausted her administrative remedies.

4

Case 3:13-cv-00001-BAJ-SCR    Document 1    01/01/13    Page 4 of 7

33. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

34. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

35. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

36. Plaintiff suffers from severe chondromalacia of the patella of the left knee with a history of lateral subluxation.

37. Treating physicians document continued severe chondromalacia of the patella of the left knee and recurrent lateral subluxation. Physicians have recommended surgery.

38. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

39. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

40. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

41. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

42. However, Plaintiff continues to suffer from break through pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

43. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month. Plaintiff's treating physician has limited Plaintiff to standing or walking for one hour increments with 2 hours between activities. These limitations are not consistent with the light work identified in Defendant's denial letter dated January 3, 2012.

44. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

45. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

46. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

47. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

48. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

   a. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious, and;

d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

**WHEREFORE, PLAINTIFF PRAYS THAT THE COURT:**

49. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to all past due short term and long term disability benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

50. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and;

51. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

/s/ David B. Wilson
David B. Wilson
LA Bar Roll No. 23977
Barkan Meizlish, LLP
1515 Poydras St., Suite 2230
New Orleans, LA 70112
Telephone: (504) 525-0831
Facsimile: (504) 525-0766
dbwilson@barkanmeizlish.com
Attorney for Plaintiff

Dated: January 1, 2013